# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MIMMS, | CASE NO. 1:11-cv-00663-LJO-MJS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| GAIL LEWIS, et al., | (ECF No. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY-DAYS |

Plaintiff Demond Mimms ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 27, 2011.

**I.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff's allegations are as follows:

Plaintiff's claims in this action arise from his October 1, 1996, sentencing to one year and four months in prison for possession of a firearm. (Compl., ECF No. 1 at 3.) At present, some fifteen years later, Plaintiff remains incarcerated. Plaintiff asserts that his detention beyond the term of his sentence is unlawful because all of the incidents leading to extension of his prison term occurred after his original release date of December 14, 1997. (Id. at 7.)

Plaintiff's complaint is found to be quite difficult to understand, but the Court believes it centers on the following chronology of events:

On December 15, 1997, while Plaintiff was unlawfully detained in Pleasant Valley State Prison's Administrative Segregation Unit, unnamed individuals used pepper spray

-1-

on him.  (Id.)

On June 1, 1998, Plaintiff was arraigned in Fresno Superior Court on a charge of battery by a prisoner on a non-confined person, i.e., spitting on a medical technical assistant on December 15, 1997.  (Id. at 9.)  Plaintiff believes the charging statute did not apply to him because he was unlawfully incarcerated at the time of the alleged offense.  (Id. at 10.)

On December 16, 1998, Plaintiff was found guilty of this charge, and on February 11, 1990 he was sentenced to an eight year prison term.  (Id. at 12.)  Plaintiff alleges that Defendants conspired to falsely charge and wrongly convict him to cover up the fact that he had been unlawfully incarcerated.  (Id.)

On January 15, 1998, he was transferred to Corcoran State Prison's Secure Housing Unit.  (Id. at 8.)  He contends this resulted from Defendants' continuing conspiracy to cover-up his unlawful incarceration and punish him.  (Id. at 9.)

On April 24, 2004, while incarcerated in Corcoran State Prison's Secure Housing Unit, Plaintiff was again pepper sprayed by unnamed prison correctional officers.  (Id. at 13.)

On September 1, 2004, he was charged with battery by a prisoner on a non-confined person after he allegedly gassed a prison official on April 24, 2004.  (Id. at 14.)  Again Plaintiff alleges that offense could not have applied to him because he was unlawfully incarcerated at the time.  (Id.)  On November 3, 2004, Plaintiff was convicted on the September 1, 2004, charge.  (Id. at 15.)  A May 12, 2006, retrial produced the same result on May 14, 2006.  (Id. at 16-17.)  Plaintiff was sentenced to two years to run consecutive to his eight year court sentence, for a total of ten years, meaning that Plaintiff's sentence was supposed to expire on February 10, 2009.  (Id. at 21.)  Plaintiff alleges that several agencies are working together to cover-up the fact that Plaintiff remains unlawfully incarcerated.  (Id. at 17.)

Plaintiff was later informed that the February 10, 2009, expiration date of his sentence was a parole date.  (Id. at 20.)  Plaintiff refused to sign the parole form, and so was referred to the Board of Prison Term but not allowed to attend its hearing where he was assessed an additional 180 days term.  (Id.)

On June 1, 2010, Plaintiff was issued another rules violation report, he again refused to sign the parole form, was again denied the right to attend the Board of Prison Term hearing, and he was again assessed a 180 day prison term. (Id. at 22.)

Plaintiff asks for a declaratory judgement and for a preliminary and permanent injunction directing: Plaintiff's release from prison pending the outcome of this matter; a restraining order prohibiting Defendants and the Board of Prison Term from assessing prison terms; safeguards on Board of Prison Terms' actions; an investigation by the FBI into the California Department of Correction's parole policy; criminal charges be brought against Defendants; and, Plaintiff's convictions expunged from his record. (Id. at 24-25.) Plaintiff asks for compensatory damages and punitive damages. (Id. at 25.)

## II.     ANALYSIS OF PLAINTIFF'S COMPLAINT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff may not at this time bring a civil rights action arising out of his allegedly wrongful arrest and continued incarceration. It appears that a primary goal, if not the primary goal, of Plaintiff's action is to gain his release from prison. Plaintiff's sole remedy is to file a petition for writ of habeas corpus.

### III. **CONCLUSION**

Accordingly, the Court hereby RECOMMENDS that this action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 21, 2012            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE