# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MIMMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAIL LEWIS, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:11-cv-0663-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGES<br><br>(ECF No. 16) |

　　　Plaintiff Demond Mimms ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 16, 2011, Plaintiff filed a motion to disqualify the Magistrate and District Judges assigned to this action. (ECF No.16.)

　　　A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Litkey v. United States, 510 U.S. 540, 555 (1994)).

　　　The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Johnson, 610 F.3d at 1147 (quotation marks

-1-

1  and citation omitted); <u>Pesnell v. Arsenault</u>, 543 F.3d 1038. 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," <u>Johnson</u>, 610 F.3d at 1147, and in this instance, Plaintiff disagrees with the Court's ruling against him, which does not support recusal.

   Accordingly, Plaintiff's motion to disqualify the Magistrate and District Judges assigned to this matter is DENIED.

IT IS SO ORDERED.

Dated:    February 29, 2012                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE